MINNIE A. WERTH, Respondent, v. ALFRED W. OLLIS
et al., Appellants.

St. Louis Court of Appeals, April 7, 1897.

1. **Agency, Continuing**: PRESUMPTION: EVIDENCE. The fact that one had acted for plaintiff in the negotiation of a loan, raised no presumption that he continued as her agent for the purpose of collecting it; and an objection to a question asked plaintiff on cross-examination, whether she had formally revoked the original agency, was properly sustained.

2. ———: ISSUE: INSTRUCTIONS: FINDING. *Held:* That the only issue in this case was whether the agency was a continuing one; and this issue having been found against defendants upon instructions which fairly presented the law, they had no just ground of complaint.

*Appeal from the Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

*J. E. Mellette* for appellants.

Instruction number 5 is contrary to the law, as it has been so often declared by courts of last resort, and as it was distinctly declared by this court in a former consideration of this very case, upon precisely the same facts. *Werth v. Ollis*, 61 Mo. App. 401.

Instruction number 2 asked by appellants should have been given. *International Bank v. German Bank*, 71 Mo. 183; *McNiel v. Bank*, 49 N. Y. 329. One who, by his conduct, had justified the belief of a third person that the person assuming to be his agent was authorized to do what was done, is estopped from deny-

ing such authority. *Gibson v. Hardware Co.*, 10 S. Rep. (Ala.) 304; *Ross v. Telfner*, 57 Fed. Rep. 973.

The court erred in refusing to instruct the jury as asked by appellants in instruction number 3. *Wear v. Lee*, 87 Mo. 358; *Chouteau v. Rowse*, 55 *Id.* 65; *O'Brien v. Smith*, 1 Black (U. S.), 99.

The evidence discloses that plaintiff clothed Woolley with apparent authority to receive the money, and by her conduct, led defendants to deal with him as her agent in good faith. *Jacobson v. Pointdexter*, 42 Ark. 97; *Over v. Sheffing*, 102 Ind. 191; *Bank v. Everest*, 35 Kan. 687; *Cummings v. Hurd*, 49 Mo. App. 139; *Bank v. Bank*, 71 Mo. 183; *Brooks v. Jameson*, 55 *Id.* 512; *Johnson v. Jones*, 4 Barb. 569; *Sumner v. Saunders*, 51 *Id.* 89; *Machine Co. v. Snow*, 32 Ia. 433; *Franklin v. Ins. Co.*, 52 Mo. 461; *Edwards v. Thomas*, 66 *Id.* 468; *Chouteau v. Goddin*, 39 *Id.* 229; *Baker v. R'y*, 91 *Id.* 160; *Sharke v. Knox*, 48 Mo. App. 169; *Ferneau v. Whitford*, 39 *Id.* 311.

*White & McCammon* for respondent.

When this case was previously before this court, the court held that the question of the agency of Mr. Woolley ought to have been submitted to the jury. The record now is identical with the record then. There is no other question of fact in the case, and the trial court properly submitted that issue to the jury. *Werth v. Ollis*, 61 Mo. App. 403. The fact that Woolley had negotiated the original loan did not constitute him respondents agent to collect it. Agency can not be implied from a former employment in a similar capacity. *Fisher v. Lodge*, 50 Ia. 459; *People v. Bank*, 75 N. Y. 547.

The court did not err in refusing all the instructions asked by defendants. *Desberger v. Harrington,* 28 Mo. App. 632, 636; *Kinney v. Springfield*, 35 Mo.

App. 108; *Cranshaw v. Sumner*, 56 Mo. 517; *Gelvin v. R'y*, 21 Mo. App. 280.

The presentation of the check for allowance to the assignee of the bank, did not merge, waive, satisfy, nor in any manner change the demand against *Ollis & Co. Building Ass'n v. Zoll*, 83 Mo. 94, 99; *Eppright v. Kauffman*, 90 *Id*. 25. See, also, *McGrade v. Sav. Institution*, 4 Mo. App. 330.

When a party relies upon ratification, waiver, or estoppel, he must plead the same in order to make it available at the trial, which defendants failed to do. *Ferneau v. Whitford*, 39 Mo. App. 316, 317.

BIGGS, J.—This is the second appeal in this case. The opinion on the first appeal contains a full statement of the facts. 61 Mo. App. 401. The evidence on both trials was substantially the same. Briefly restated the facts are these: In June, 1893, one Davis owed the plaintiff a note which was secured by a deed of trust on property in Springfield, in this state. The plaintiff lived in Chicago, and Davis lived in Fargo, Illinois. The defendants are real estate agents and loan brokers in Springfield. Davis made arrangements with them to pay off his debt to plaintiff. He wrote to plaintiff to send his note and deed of trust to defendants, explaining to her the arrangement that he had made. Instead of sending the papers directly to defendants, the plaintiff testified that she sent them in a separate envelope to Mr. Woolley, another real estate agent at Springfield and marked "for Mr. Ollis." Woolley testified that he received the papers with instructions to deliver to defendants. A few days afterward the plaintiff in answer to a letter from defendants, wrote that she had sent the papers to Woolley for them. There was some delay in closing up the business. During the time the plaintiff sent to defend-

ants a deed of release.   Woolley retained possession of the note and the defendants gave to him their individual check on a local bank for the amount of the note. Thereupon Woolley delivered up to defendants the note and deed of trust, and the defendants filed the deed of release for record.   Instead of presenting the check for payment or procuring a draft on Chicago, Woolley mailed the check to plaintiff at Chicago.   When it was returned to Springfield for collection the bank upon which it was drawn had failed.   It was admitted that if the check had been presented on the day it was given or at any time until 11 o'clock A. M. of the third day thereafter, it would have been paid.   The plaintiff sues the defendants for the amount of the check, less the amount of a dividend which she had received from the assignee of the bank.   The main defense is that Woolley was the agent of the plaintiff for the collection of the note.   On the first trial the circuit court was of the opinion that there was no substantial evidence of the alleged agency, and it directed a judgment for plaintiff.   We were of a different opinion, and we reversed the judgment on that ground.   There was a second trial, which likewise resulted in a verdict and judgment for the plaintiff, and the defendants have again appealed.

In making the loan to Davis, Woolley acted as the agent of the plaintiff.   In the cross-examination of plaintiff counsel asked if she had formally revoked the original agency of Woolley. The question was held to be objectionable. This ruling we think was right.   There is nothing to show that the agency was a continuing one.   The fact that Woolley acted for plaintiff in the negotiation of the loan, raised no presumption that he continued as her agent for the purpose of collecting it.

*Continuing agency: presumption: evidence.*

The court, on its own motion, gave the following instructions:

"Under the evidence in this case there is only one question for you to decide and that is, was G. A. C. Woolley the agent of the plaintiff, Mrs. Werth, to collect the money mentioned in the evidence. If he was the agent of the plaintiff for the collection of the debt and had a right to receive the payment thereof, then she would be responsible for his action in sending the check to Chicago, and your verdict should be for the defendants.

"If Woolley had no authority from her to receive payment of the debt, then she would not be responsible for his action and your verdict should be for the plaintiff for the amount of the check with six per cent interest thereon from the twenty-fourth day of November, 1893, less the amounts the evidence shows that plaintiff has received from the assignee of the Bank of Commerce in the way of dividends.

"The act of plaintiff in depositing the check in the bank at Chicago, was not a ratification of Woolley's actions, so as to constitute him her agent if he had no previous authority to receive payment for her.

"In determining whether or not Woolley was the agent of plaintiff, as aforesaid, you will consider the statement and evidence of the parties and the testimony of all the witnesses, the acts and conduct, business relations and former acquaintances of them, and any and all other facts, circumstances and correspondence in evidence."

The objection made to the foregoing instruction is that it assumes that the only question in issue was the fact of the agency of Woolley, whereas the pleadings and evidence presented a question of estoppel. The contention is that the plaintiff so conducted herself in

CONTINUING agency: issue: instructions: finding.

respect to the business that she is estopped to deny that Woolley acted without authority. We virtually decided on the first appeal that there was no question of estoppel in the case. We still entertain that opinion. There is nothing in the record to show that the plaintiff, in any way, added to the deception (if any), which the defendants claim that Woolley practiced on them. A day or two after the plaintiff had sent the note and deed of trust to Woolley, the defendants wrote requesting her to send the papers to them or some one else in Springfield. The plaintiff answered the letter immediately, as follows: "Rev. Davis wrote some days ago to forward the papers, and not knowing of you, even by name, mentioned just the name 'Ollis,' without preface. I forwarded them to Mr. Geo. A. C. Woolley *to hand you.* I wish now I had waited, but I didn't know you were going to write me. *You will receive the papers probably to-morrow.*" Afterward the defendants prepared and sent to plaintiff for execution a deed releasing the lien of her deed of trust. To this the plaintiff replied: "I received your letter inclosing deed, which I attended to and sent on to you. *Hoping now that you have everything you need, you will forward the draft for the amount in a few days.*" No just inference can be drawn from this correspondence that Woolley was the agent of the plaintiff, with authority to receive the money. On the contrary it indicated clearly the purpose of plaintiff to intrust the entire business to the defendants. Woolley may have been the agent in fact, but the correspondence between plaintiff and defendants does not indicate it. Therefore, there can be nothing in the contention, as the ground of the alleged estoppel is, that the communications from plaintiff to defendants in respect of the business were such as to lead the latter to believe that Woolley had authority to receive the money.

Complaint is also made of the following instruction given by the court:

"Although you may believe, from the evidence, that Woolley assumed to act as the agent of the plaintiff and retained the note in question until the check was presented, and took said check in payment of said note, and marked said note paid as the agent of plaintiff, and did other acts assuming to act for plaintiff, nevertheless, unless the plaintiff knew of such, or authorized said Woolley to so act by *direct* instructions to him, such acts are not binding upon the plaintiff, and unless you so find that there was such instruction given by plaintiff to Woolley, you will find the issues for the plaintiff."

The objection urged to this instruction is that it requires the alleged employment of Woolley to be established by direct and positive testimony. This, we think, is a misconception of the meaning of the instruction. It required the jury to find that Woolley had been *actually instructed or directed* to collect the money, but in determining that question the jury were directed, in a previous instruction, to take into consideration all the facts and circumstances in evidence, etc.

The defendants urge that the following instruction is erroneous and misleading:

"If the jury believe, from the evidence, that the plaintiff sent the papers in question to Woolley, with the instructions to hand them to Ollis, without any further instructions, and had no further correspondence with said Woolley about the matter until after the check in question was drawn, then said Woolley was. not plaintiff's agent, nor authorized to collect or transmit the money to plaintiff."

The objection made to this instruction is that it ignores other facts and circumstances in evidence tending to prove the authority of Woolley to collect the

money.   In this we think counsel is likewise in error. The instruction presents the facts as testified to by plaintiff.   If this was all that she did, then there was no evidence of the appointment of Woolley to collect the money.   We reversed the judgment on the first appeal for the reason that the circumstances were such as to justify the inference that the plaintiff, at the time she sent Woolley the papers, gave him instructions to retain possession of the note and deed of trust until the debt was paid.

Objections are urged against other instructions, which we do not care to discuss.   We have carefully read the instructions, and believe that the defendants have no just grounds of complaint.   The only issue of fact in the case has been found against the defendants upon instructions which fairly presented the law.   The judgment will, therefore, be affirmed.   All concur.